UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tylon Larrice Newcomb,                                    Civil No. 16-811 (JNE/FLN)

    Plaintiff,

v.
                                                          **REPORT AND**
City of Anoka et al.,                                     **RECOMMENDATION**

    Defendants.

_____

Tylon Larrice Newcomb, *pro se*, for Plaintiff.
Jason Hiveley for Defendant City of Anoka.

_____

      This matter came before the undersigned United States Magistrate Judge on January 6, 2017 on Plaintiff Tylon Larrice Newcomb's motion to grant default judgment against Defendant Metro Transit Police Officers David Hutchinson, Canon Yang, Andrew Carlson, Jordan Trammel, and Caroline Pruter (ECF No. 18). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 28. Newcomb filed his Complaint on March 29, 2016. Compl., ECF No. 1. Service was executed by the U.S. Marshal and summons were returned executed on July 6, 2016. Summons Returned Executed, ECF No. 16. Defendant-officers contend that service was improper, but regardless filed an Answer to Newcomb's Complaint on September 8, 2016. Answer, ECF No. 25. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12. Newcomb argues that Defendant-officers failure to file their Answer within the 21 day time frame necessitates that the Court grant him default judgment in this case.

      Default judgment is available when the defendant "has failed to plead or otherwise defend."

Fed. R. Civ. P. 55(a). The entry of default judgment, however, should be a "rare judicial act," and is within the Court's discretion. *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir.1977). Default judgments are not favored by the law. *See U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Assuming without deciding that service was proper in this case and that Defendants failed to file their Answer pursuant to the mandates of the Federal Rules of Civil Procedure, the Court concludes that default judgment should not be entered against Defendant-officers. Defendants have now filed their Answer and are prepared to defend this case. *See* ECF No. 25.

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for default judgement (ECF No. 18) be **DENIED**.

DATED: January 10, 2017              *s/Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 24, 2017**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by January 24, 2017 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.