UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tylon Larrice Newcomb,                              Civil No. 16-811 (JNE/FLN)

      Plaintiff,

v.
                                      **REPORT AND**
City of Anoka, et al.,                              **RECOMMENDATION**

      Defendants.

_____

No appearance, for Plaintiff.
Nathan Midolo, for Defendants.

_____

This matter came before the undersigned United States Magistrate Judge on September 1, 2017, on Defendants' motion for summary judgment (ECF No. 56). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636. *See* Order, ECF No. 62.

This case stems from Plaintiff's use, purchase of a reduced rate, disability fare ticket, and removal from the Northstar commuter train, and subsequent arrest in July 2015. *See generally* Compl., ECF No. 1.Plaintiff's Complaint raises assorted claims under 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fifth Amendment rights. *See generally id.* In the instant motion, the remaining Defendants, Metro Transit Police Officers David Hutchinson, Canon Yang, Andrew Carlson, Jordan Trammel, and Caroline Pruter, move for judgment as a matter of law under Federal Rule of Civil Procedure 56. *See* ECF No. 56 at 1; ECF No. 58 at 10–11. Specifically, Defendants contend that Plaintiff's Complaint has not stated a claim for which relief can be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, has not raised an actionable constitutional violation, and that they are immune from suit under the qualified immunity doctrine. *See generally*

ECF No. 58. Plaintiff has not responded to the instant motion and did not appear at the hearing.

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). To demonstrate a genuine issue of fact, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).

It is the non-movant's "responsibility to show that there [are] genuine issues of material fact in the record that [preclude]" the movant's summary judgment request. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Tr.*, 558 F.3d 731, 735 (8th Cir. 2009). "It [is] not the . . . Court's responsibility to sift through the record to see if, perhaps, there [is] an issue of fact." *Id.* (citing *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006)). "[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument." *Id.*

Here, Plaintiff has not responded to, nor otherwise opposed, Defendants' motion for summary judgment. As it stands, in the absence of any response or challenge from Plaintiff,

Defendants' factual proffer is uncontroverted, and as a consequence, there are no genuine issues of material fact precluding summary judgment. *See* Fed. R. Civ. P. 56(e). In addition, Plaintiff has waived any argument contesting Defendants entitlement to judgment as a matter of law. *See Satcher,* 558 F.3d at 735. Accordingly, the Court concludes that the uncontested record and motion for summary judgment show that Plaintiff's Complaint has not stated a claim for which relief can be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, has not raised an actionable constitutional violation, and that Defendants are immune from suit under the qualified immunity doctrine. As a result, Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a)–(e).

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 56) be **GRANTED**.

DATED: September 22, 2017                                   *s/Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 6, 2017**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by October 6, 2017 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.