UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tylon Larrice Newcomb,

       Plaintiff,

v.                                    Civil No. 16-811 (JNE/FLN)
                                     ORDER

City of Anoka; Sgt. David Hutchinson,
Officer Canon Yang, Officer Andrew
Carlson, Officer Jordan Trammel,
and Officer Caroline Pruter, *each in
their individual and official capacities*;

       Defendants.

       Plaintiff filed claims against Defendants under 42 U.S.C. § 1983 for alleged

violations of his First, Fourth, and Fifth Amendment rights.  The Court dismissed the

claims against Defendant City of Anoka.  ECF No. 42.  The remaining Defendants are

employees of Metro Transit.  They moved for summary judgment and dismissal with

prejudice.  ECF No. 56.  *Pro se* Plaintiff filed no opposition to the motion for summary

judgment and did not appear at the hearing.  ECF Nos. 67, 68 at 2.  In a Report and

Recommendation ("R&R") dated September 22, 2017, the Honorable Franklin L. Noel,

United States Magistrate Judge, recommended that Defendants' motion for summary

judgment be granted.  ECF No. 68.

       Plaintiff objected to the R&R, stating that he "didn't have any knowledge of a

court date, wasn't properly served."  ECF No. 69 at 1.  The docket contains no record of a

certificate of service as to Defendants' motion for summary judgment.  Because the Court
could not conclude that Plaintiff was properly served with the motion for summary
judgment and the hearing date, the Court gave Plaintiff an opportunity to file an
opposition to Defendants' motion.  ECF No. 73.  Plaintiff filed no additional opposition.

Accordingly, the Court conducted a de novo review of the record.  *See* 28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2.  For the reasons set for below,
the Court agrees with the R&R that summary judgment is appropriate, as "there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(a).

In support of their motion, Defendants offered police reports, the deposition of
Plaintiff, and a video that depicts the encounter giving rise to Plaintiff's claims.  ECF
Nos. 59, 60.  Plaintiff offered no evidence.  The record evidence all substantiates
Defendants' factual assertions.  As a result, the Court finds that there is no genuine
dispute of material fact as to the following incident.  *See* Fed. R. Civ. P. 56(e).

Plaintiff and Qui Lewis entered the Northstar commuter train without buying
tickets.  The conductor told them that they had to buy tickets at the next stop.  They
purchased reduced disability fare tickets.  The conductor believed they were ineligible for
these tickets and informed Metro Transit police officers of these events.  Defendants
Carlson and Yang, both police officers for Metro Transit, approached Plaintiff and Lewis
and asked to see their tickets and identification.  Plaintiff refused to provide identification

and sat down in his seat.  Defendants explained that valid identification is required to purchase a reduced disability fare ticket.

Plaintiff still refused to provide identification and began to argue with and yell at Defendants.  While continuing to argue, Plaintiff stood up in an aggressive manner and moved within approximately six inches of Defendant Carlson's face.  Defendants interpreted this as threatening and confrontational.  Defendant Carlson pushed his hand into Plaintiff's chest to return Plaintiff to a sitting position.  Defendants informed Plaintiff that he was under arrest for fare evasion and ordered him to place his hands behind his back.  Plaintiff disregarded the order and continued arguing.  Defendant Carlson reached for Plaintiff's arm and Lewis blocked Defendant Carlson.

Defendants Carlson and Yang then waited with Plaintiff until the arrival of Defendants Hutchinson, Trammel, and Pruter, all police officers with Metro Transit. Defendants next escorted Plaintiff and Lewis off the train without using any force.  Once off the train, Defendants handcuffed and searched Plaintiff and Lewis, resulting in the seizure of a cell phone.  Defendants transported Plaintiff to the Anoka County Jail and he was charged with fare evasion and obstruction of legal process.  He later pled guilty to unlawfully obtaining transit services in violation of Minn. Stat. § 609.855.

Based on the above facts, Defendants are entitled to summary judgment on the claims against them, both in their individual capacities and their official capacities.

Defendants are entitled to qualified immunity as to the § 1983 claims against them in their individual capacities. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Defendants did not violate any clearly established constitutional rights in their interaction with Plaintiff. Thus, Defendants are immune from suit in their individual capacities and the Court grants them summary judgment.

The Court construes Plaintiff's claims against Defendants in their official capacities as claims against Defendants' employer, Metro Transit. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). A municipality is liable under § 1983 if a municipal "custom or policy was the moving force behind . . . an unconstitutional act by a municipal employee." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 583 (8th Cir. 2006) (citations omitted). Defendants committed no unconstitutional acts. Therefore, Metro Transit cannot be liable under § 1983 and is entitled to summary judgment.[1]

---

[1] It is unclear whether Plaintiff also intends to assert Minnesota state law claims for assault and battery. *See* Compl. 6, ECF No. 1; ECF Nos. 18, 19, 20. If he does, these claims likewise fail. "Under the doctrine of official immunity, 'a public official charged by law with duties which call for the exercise of his or her judgment or discretion is not personally liable to an individual for damages unless he [or she] is guilty of a willful or malicious wrong.'" *Vassallo ex rel. Brown v. Majeski*, 842 N.W.2d 456, 462 (Minn. 2014) (citation omitted). Here, Defendants were exercising discretion in their interaction with and arrest of Plaintiff. And there is no evidence of a willful or malicious wrong. On that basis, Defendants are entitled to official immunity and summary judgment on any assault and battery claims. What is more,

In short, the Court adopts the recommended disposition.  Accordingly, IT IS

ORDERED THAT:

1.  Defendants' motion for summary judgment [ECF No. 56] is GRANTED.

2.  This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

Metro Transit is entitled to vicarious official immunity, defeating any potential assault and battery claims against it.  *See Dokman v. Cty. of Hennepin*, 637 N.W.2d 289, 297 (Minn. Ct. App. 2001) ("Vicarious official immunity protects a governmental entity from liability based on the acts of an employee who is entitled to official immunity.").